IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| AMALIA GRAJEDA and | ) | |
| MARIA DE LOS ANJELES | ) | |
| MENDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

  Pending before me is a report and recommendation (filing 46) that suggests that I deny the motions (filings 26 and 27) to suppress the fruits of a car search. An objection to the report and recommendation has been filed. (Filing 50).

  The magistrate judge has written a 29-page closely reasoned opinion. I find that he has properly found the facts and applied the law. While I might not agree with every word or phrase he has written, the ultimate conclusions, both factual and legal, are clearly correct. Aside from the brief remarks that I next add, nothing more needs to be written.

  The parties argue about the applicability of <u>New York v. Class</u>, 475 U.S. 106, 118-119 (1986) (after a traffic stop, where an officer opened the car door to look for the VIN on the doorjamb and, not finding it there, reached inside to remove papers obstructing his view of the VIN on the dashboard, and while doing so, saw a gun handle protruding from underneath the driver's seat, there was no Fourth Amendment violation). The defendants argue that <u>Class</u> can be read to support suppression. I am not persuaded. On the contrary, I agree with Judge Piester that <u>Class</u> should be ignored (filing 46 at 18-27) because the subsequent voluntary consent to search the auto purged the alleged unlawful search.

Moreover, and notwithstanding a contrary 10th Circuit case,[1] I do not read Class to bar an inspection of a door jam following a valid traffic stop. So long as the officer does not "intrude" into the passenger compartment, and merely opens the door to look for a VIN on the doorjamb, after and as a part of an entirely valid traffic stop for a violation of the law, the Fourth Amendment is not violated even if the officer can see another VIN from the exterior of the car. Indeed, the Supreme Court explicitly held that "[n]either of those locations"– the VIN "atop the dashboard" and the VIN "inside the doorjamb"–"is subject to a reasonable expectation of privacy." Class, 475 U.S. at 118 (emphasis added).

In the simplest of terms, the Fourth Amendment is not violated when an officer looks at something which, by definition, is not private. Moreover, the time it takes to open a door and look at a VIN on a doorjamb–literally seconds–does not unreasonably prolong an otherwise valid traffic stop. Still further, the opening of a car door and the examination of the doorjamb is not unduly intrusive regarding those areas in a car which might be private. In addition, such an act does not violate the Fourth Amendment's "reasonableness" standard even if the officer can also see another VIN from the exterior. That is, from a Fourth Amendment perspective, there is nothing objectively unreasonable about an officer endeavoring to match two non-private VIN numbers, as was done here (filing 46 at 6), as a part of an otherwise valid traffic stop. Accordingly,

---

[1] United States v. Caro, 248 F.3d 1240, 1246 (10th Cir. 2001) (State trooper's request to search for vehicle identification number (VIN) inside automobile during traffic stop, after having viewed VIN on dashboard and determined that it matched VIN on vehicle's registration, was not reasonable under Fourth Amendment and exceeded permissible scope of detention, notwithstanding trooper's suspicions that vehicle was stolen and any conjectures that VIN on dashboard could have been altered). So far as I can tell, the Tenth Circuit is the only Circuit to have adopted this reading of Class. The Eighth Circuit has not done so, and I doubt that it would particularly given the Supreme Court's explicit declaration that there is no reasonable expectation of privacy regarding a VIN on a doorjamb.

IT IS ORDERED that the report and recommendation (filing 46) is adopted. The objection (filing 50) is denied. The motions (filings 26 & 27) to suppress are denied.

December 13, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge